William L. Miltner, Esq. SBN 139097
(bill@miltnerlaw.com)
Robert C. Harvey, Esq., SBN 159224
(robert@miltnerlaw.com)
MILTNER & MENCK, APC
402 West Broadway, Suite 800
San Diego, California 92101
Telephone (619) 615-5333
Telefax (619) 615-5334

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHERY, an individual;<br><br>Plaintiff,<br><br>v.<br><br>COMPLETE BUSINESS SOLUTIONS GROUP, INC., a Delaware corporation dba Par Funding,<br><br>Defendant. | CASE NO. 2:20-CV-04409-SVW-JPR<br><br>EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 7-19 and 65-1, Plaintiff David Michery ("Plaintiff" or "Mr. Michery"), by and through his undersigned attorneys, hereby applies ex parte for a temporary restraining order and other equitable relief against COMPLETE BUSINESS SOLUTIONS GROUP, INC., doing business as Par Funding ("CBSG"), its officers, agents, servants, employees, attorneys, and any and all parties who are in active concert and participation with CBSG in carrying out the activities sought to be enjoined hereby. By this application, Mr. Michery further requests that an Order to Show Cause Why a Preliminary Injunction Should Not Issue be set in due course.

///

## I. SUMMARY OF FACTS

As set forth in the Complaint (Exhibit 1 to Declaration of William L. Miltner filed concurrently herewith), CBSG has engaged in intentional conduct designed to smear Mr. Michery's reputation personally and within his profession, the automotive industry, and cause Mr. Michery emotional distress, all in attempt to pressure Mr. Michery, CEO of Mullen Technologies, Inc., ("Mullen") to cause Mullen to pay money on a debt that is currently the subject of a dispute with CBSG in the Eastern District Court of Pennsylvania (See, Docket #5, *Notice of Pendency of Other Actions or Proceedings*). Put simply, CBSG is engaging in extortion through defamation.

In March 2020, CBSG sent correspondence to Mr. Michery's auto industry colleagues, industry associates, competitors, suppliers, potential business partners, and even Mullen employees, that falsely identified Mr. Michery as the DBA of Mullen and falsely stated that Mr. Michery, as the Merchant Seller, had defaulted on a secured merchant agreement between Mr. Michery and CBSG. A true and correct copy of that correspondence is attached to the Complaint as Exhibit A (hereafter, the NOA Correspondence").

David Michery is a person, not a business name. It is beyond dispute that the agreements between Mullen and CBSG make perfectly clear that Mr. Michery is not a DBA of Mullen. CBSG's agreements with Mullen contain the following on page 1 of the agreements:

| Legal Business Name ("Merchant Seller") | MULLEN TECHNOLOGIES INC |
|---|---|
| D/B/A | MULLEN TECHNOLOGIES DBA SI-NFUZ OR MULLEN CAR RENTAL AND LEASING DBA MULLEN AUTO SALES DBA MULLEN MOTOR CARS |

No where in the "D/B/A" box above, do the words "David Michery" appear.

Mr. Michery, through counsel, responded to CBSG's defamatory NOA Correspondence with cease and desist correspondence emailed directly to CBSG's

EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION     2

Danielle Loser, signatory of the defamatory NOA Correspondence, taking objection to the scope of the mailing and placing CBSG on notice of the damages such mailings were causing.

In early May, 2020, CBSG again sent out copies of the defamatory NOA Correspondence with the same false claims to third party automotive industry professionals.

As a result, Mr. Michery filed this action on May 15, 2020 for Defamation, Defamation by Implication, Intentional Infliction of Emotional Distress and False Light. CBSG was served with the Summons, Complaint and related documents on May 22, 2020.

Despite having actual knowledge of Mr. Michery's lawsuit and the basis therefor as articulated in the complaint, in the first week of June 2020, CBSG again sent out another round of defamatory NOA Correspondence to Mr. Michery's auto industry colleagues, industry associates, competitors, suppliers, and potential business partners.

Also in the first week of June 2020, despite being represented by counsel, Mr. Michery received written correspondence directly from CBSG seeking to collect on the debt that is currently in dispute in the Eastern District of Pennsylvania.

However, on or about June 5, 2020, CBSG took their illegal conduct to the next level.

On or about June 5, 2020, Mr. Michery received a telephone call from a blocked number in Pennsylvania. He took the call and the caller identified himself as being from CBSG, though he did not give his name. Mr. Michery told the caller that he had counsel and to speak to his attorneys, and the conversation ended.

The CBSG representative then called right back and said "fuck your attorneys, you owe Par a million dollars. We know where you live, and we're going to kill your attorneys and then kill you." The caller then made multiple additional calls to Mr. Michery, said nothing and hung up.

Blacks dictionary defines "Extortion" as "the obtaining of property from another induced by wrongful use of of actual or threatened force, violence or fear...."(Blacks Law Dict., 5th Ed. 1979)

Clearly, this death threat was an attempt by CBSG to instill fear into Mr. Michery for the purpose of having Mullen pay CBSG. As for this action, the death threat and multiple hang up calls were meant to harass and inflict severe emotional distress upon Mr. Michery and pressure Mr. Michery into having Mullen pay the disputed debt.

When not smearing Mr. Michery's name or threatening Mr. Michery's life and those of his counsel, CBSG has sought to disrupt Mullen's business by engaging a third party on false pretenses.

On Friday June 5, 2020, a representative from Metro Site Inspections visited Mullen Auto Sales Fresno, at CBSG's direction, claiming to be there to inspect the business's financial receipts in order to report to CBSG whether CBSG should make a loan to Mullen. In fact, there is and was no loan application by Mullen being processed by CBSG. Metro Site Inspections was sent by CBSG to harass Mullen's business and employees.

By this application, Mr. Michery seeks to temporarily restrain and enjoin CBSG and its officers, agents, servants, employees, attorneys, and any and all parties who are in active concert and participation with CBSG from making any further contact with Mr. Michery, whether at home, work, by mail, email, text, electronically, telephonically or in person, specifically seeking a 100 yard stay away order as a result of the death threat. All communications are to go through Mr. Michery's counsel. Further, Mr. Michery is seeking to temporarily restrain and enjoin CBSG from sending out any more defamatory NOA Correspondence that identify Mr. Michery as the dba of Mullen, or states that Mr. Michery is in default under any Merchant Agreement with CBSG. Mr. Michery has received confirmation from at least 32 third parties within the industry of their receipt of the defamatory correspondence.

## II. MR. MICHERY'S INJURIES.

Mr. Michery's business and personal reputation have been defamed by the NOA Correspondence. Mr. Michery is not the dba of Mullen. Mr. Michery has not defaulted on a Merchant Agreement with CBSG. Mr. Michery did not even enter into a Merchant Agreement with CBSG. He was merely a guarantor of Mullen's performance.

Damage to one's reputation may be an irreparable injury, particularly if compensatory damages would be uncertain or inadequate. [United Healthcare Ins. Co. v. Advance-PCS (8th Cir. 2002) 316 F.3d 737, 741; see Herb Reed Enterprises, LLC v. Florida Entertainment Mgmt., Inc., (9th Cir. 2013) 736 F.3d 1239, 1250 - "loss of control over business reputation" as irreparable injury].

Further, as between Mullen and CBSG, the issue of any claimed default is strongly contested by Mullen, both under the terms of the agreements themselves, and by the subsequent agreement and conduct of the parties.

Despite CBSG being named as a defendant for sending out the defamatory NOA Correspondence, and despite having been served with the complaint herein placing CBSG on notice of Mr. Michery taking action in response to the impropriety of CBSG's actions, CBSG continues to send out the defamatory NOA Correspondence with knowledge of the damage it is causing Mr. Michery's reputation. Such damage is difficult to accurately measure or adequately compensate Mr. Michery, either personally or professionally, within the auto industry and in his role as CEO of Mullen.

We have no reason to believe that CBSG will stop sending out that defamatory NOA Correspondence. That harm is likely to re-occur in the coming week or weeks.

CBSG's continuing contact with Mr. Michery is a continuing source of emotional distress. CBSG's threats to kill Mr. Michery's attorneys and then kill Mr. Michery are particularly distressful, are an immediate threatened harm, and are per se irreparable.

Death and severe physical pain constitute irreparable injury. [Shell Offshore, Inc. v. Greenpeace, Inc. (9th Cir. 2013) 709 F,3d 1281, 1291—no adequate remedy at law if "serious risk of harm to human life"; Wheeler v. Wexford Health Sources, Inc. (7th Cir. 2012) 689 F.3d 680, 682] .

As such, Mr. Michery asks the court for all appropriate remedies to safeguard his life and the lives of his attorneys, and prevent any contact by CBSG or any representatives of CBSG with Mr. Michery.

**III. COMPLETE BUSINESS SOLUTIONS GROUP, INC., dba PAR FUNDING**

CBSG is represented in Pennsylvania by Brett Berman, Esq., Fox Rothschild, LLP, 2000 Market Street, 20th Floor, Philadelphia, PA 19103 (215) 299-2842, Fax (215) 299-2150; bberman@foxrothschild.com.

As of June 10, 2020, CBSG has appeared in this action, filing a motion to transfer the case, and also filing a Notice of Appearance of Counsel.

Counsel for CBSG is identified as follows:

Brett Berman (PA SBN 204843) (pro has vice pending)

BBerman@FoxRothschild.com

Joseph A. Ungaro II (SBN 315190)

JUngaro@FoxRothschild.com

FOX ROTHSCHILD LLP

10250 Constellation Blvd., Suite 900

Los Angeles, CA 90067

Tel: 310-598-4150

As such, upon the filing of Mr.Michery's ex parte application herein, CBSG will automatically receive electronic notice of Mr. Michery's Application and supporting documentation.

Plaintiff's research into CBSG shows that CBSG's conduct in defaming and shaming those parties it unilaterally deems in default are part of its standard operating procedure. Numerous complaints have been made on the Better Business Bureau

website for Pennsylvania and elsewhere against CBSG. Additionally, Mr. Michery is informed and believes that CBSG has in the past sent out representatives to its customer's place of business to "renegotiate" the loan transactions between the parties. By this application, Mr. Michery is seeking to avoid such strong arm tactics.

Date: June 11, 2020                           MILTNER & MENCK, APC

                                              By: _____
                                              William L. Miltner, Esq.
                                              Robert C. Harvey, Esq.
                                              Attorneys for the Plaintiff David Michery