William L. Miltner, Esq. SBN 139097
(bill@miltnerlaw.com)
Robert C. Harvey, Esq., SBN 159224
(robert@miltnerlaw.com)
MILTNER & MENCK, APC
402 West Broadway, Suite 800
San Diego, California 92101
Telephone (619) 615-5333
Telefax (619) 615-5334

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID MICHERY, an individual;<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMPLETE BUSINESS SOLUTIONS GROUP, INC., a Delaware corporation dba Par Funding,<br><br>　　　　　Defendant. | CASE NO. 2:20-CV-04409-SVW-JPR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

　　　　Plaintiff David Michery ("Plaintiff" or "Mr. Michery"), by and through his undersigned attorneys, hereby submits the following memorandum of points and authorities in support of his ex parte application for a temporary restraining order against COMPLETE BUSINESS SOLUTIONS GROUP, INC., doing business as Par Funding ("CBSG"), its officers, agents, servants, employees, attorneys, and any and all parties who are in active concert and participation with CBSG in carrying out the activities sought to be enjoined hereby.   By this application, Mr. Michery further requests that an Order to Show Cause Why a Preliminary Injunction Should Not Issue be set in due course.

///

## I. INJUNCTIVE RELIEF IS APPROPRIATE IN THIS MATTER.

An injunction is an equitable remedy. "The basis for injunctive relief [preliminary or permanent] in the federal courts has always been irreparable injury and the inadequacy of legal remedies." [Weinberger v. Romero-Barcelo (1982) 456 U.S. 305, 312, 102 S.Ct. 1798, 1803; Stanley v. University of Southern Calif. (9th Cir. 1994) 13 F.3d 1313, 1320]

As set forth in the Declaration of David Michery, and as argued in the Application and supporting documents, CBSG's death threat toward Mr. Michery and his attorneys and CBSG's ongoing written assault on Mr. Michery's personal and professional reputation are characteristic irreparable injury. And while money damages may be awarded for such conduct, re-establishing one's personal and professional reputation can never accomplished with any certainty nor to its previous extent. Such is the inadequacy of legal remedies in this matter.

## II. THE COURT HAS SUBJECT MATTER JURISDICTION.

A party seeking injunctive relief in federal court must first establish the court's subject matter jurisdiction. (T.R.G, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. EditionsInjunctions, Ch. 13, Para 13:19)

Presently, diversity jurisdiction forms the basis of the Court's jurisdiction in this dispute. CBSG is a Delaware corporation, with its principal place of business being either Florida or Pennsylvania. It's office address is listed as in Florida, but CBSG has utilized the Philadelphia Court of Common Pleas to obtain judgments in over 1000 confession of judgment matters in approximately the last 6 months.

David Michery is a resident of California and lives and works in Californa as the CEO of a California corporation.

CBSG's conduct is the intentional defamation of Mr. Michery's name personally and throughout the auto industry, and the intentional infliction of emotional distress upon Mr. Michery, including both a veiled threat and a stated threat to kill Mr.

POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR A TRO AND SETTING AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

2

Michery and his attorneys. Such tactics are extortion, pure and simple. As such, the amount in controversy is excess of the jurisdiction of this court.

CBSG has filed a motion to transfer due to contractual provisions in CBSG's agreements with Mullen. However, the fact that the court's jurisdiction may be disputed does not mean it cannot issue a TRO or preliminary injunction. Federal courts have inherent authority to preserve the status quo until the jurisdictional question is resolved. [See Laclede Gas Co. v. St. Charles County, Mo. (8th Cir. 2013) 713 F.3d 413, 416—district court need not decide subject matter jurisdiction challenge before addressing preliminary injunction motion]

### III. THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT

An injunction is the ultimate form of "in personam" relief because it commands the personal obedience of the person enjoined. [See Nken v. Holder (2009) 556 U.S. 418, 428, 129 S.Ct. 1749, 1757]

Thus, the court must also have personal jurisdiction over the parties to be enjoined; generally, it may not enjoin defendants not yet served or otherwise before the court. [Hitchman Coal & Coke Co. v. Mitchell (1917) 245 U.S. 229, 234-235, 38 S.Ct. 65, 66-67; Zepeda v. United States INS (9th Cir. 1983) 753 F.2d 719, 727; In re Rationis Enterprises, Inc. of Panama (2nd Cir. 2001) 261 F.3d 264, 267-271]

Presently, Defendant CBSG was served on May 22, 2020, and proof of service thereof was just recently filed.

The offending conduct occurred in California as several of the companies and individuals to whom the defamatory NOA Correspondence was sent are California corporations and residents of California.

The veiled threat to Mr. Michery of "we know where you live" was texted to Mr. Michery when he was in California. And the death threat from the CBSG representative was made telephonically to Mr. Michery while in California.

CBSG has been sued, appeared in and availed itself of the rights and remedies

POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR A TRO AND SETTING AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

3

of California courts in multiple other cases.

Based on the foregoing, this court has personal jurisdiction over CBSG.

**IV. PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF**

"To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." [Summers v. Earth Island Institute (2009) 555 U.S. 488, 493, 129 S.Ct. 1142, 1149; Cooper v. Texas Alcoholic Beverage Comm'n (5th Cir. 2016) 820 F.3d 730, 737; Shell Offshore, Inc. v. Greenpeace, Inc. (9th Cir. 2013) 709 F.3d 1281, 1286-1287.

Death and severe physical pain may constitute irreparable injury. [Shell Offshore, Inc. v. Greenpeace, Inc. (9th Cir. 2013) 709 F.3d 1281, 1291—no adequate remedy at law if "serious risk of harm to human life"; Wheeler v. Wexford Health Sources, Inc. (7th Cir. 2012) 689 F.3d 680, 682

Presently, there is an imminent prospect of future injury to Mr. Michery and his counsel physically, as well as, to Mr. Michery's personal and professional reputation. CBSG has directly threatened to kill Mr. Michery and his attorneys.

Damage to one's reputation may also be an irreparable injury, particularly if compensatory damages would be uncertain or inadequate. [United Healthcare Ins. Co. v. Advance-PCS (8th Cir. 2002) 316 F.3d 737, 741; see Herb Reed Enterprises, LLC v. Florida Entertainment Mgmt., Inc., (9th Cir. 2013) 736 F.3d 1239, 1250 - "loss of control over business reputation" as irreparable injury.]

CBSG also appears to be quite willing to defame Mr. Michery despite cease and desist correspondence, and despite the filing and service of this action. This conduct by CBSG of defaming those it seeks to exact money out of appears to be standard operating procedure for CBSG and there is no indication that this conduct will be prevented without court order. Extortion by defamation.

Because Mr. Michery is facing an imminent prospect of future injury both physically and to his reputation, he has standing to seek a TRO and preliminary injunction.

Further, there is direct causal connection between the alleged injury and the conduct sought to be enjoined, such that the injunction would effectively minimize the risk of injury. (Perfect 10, Inc. v. Google, Inc. (9th Cir. 2011) 653 F.3d 976, 982; Garcia v. Google, Inc. (9th Cir. 2015) 786 F.3d 733, 745)

Additionally, there is a direct connection between Mr. Michery's irreparable injury and the legal claims asserted in his complaint. [Pacific Radiation Oncology, LLC v. Queen's Med. Ctr. (9th Cir. 2015) 810 F3d 631, 636—preliminary injunction "appropriate when it grants relief of the same nature as that to be finally granted"; see Salinger v. Colting (2nd Cir. 2010) 607 F3d 68, 81—the "relevant harm" is the harm "to the parties' legal interests"]

## V. MR. MICHERY IS LIKELY TO SUCCEED ON THE MERITS.

A death threat is per se outrageous conduct designed to inflict serious emotional distress.  Mr. Michery has suffered extreme emotional distress as a result.

Intentionally mailing defamatory letters that CBSG knew were disparaging to Mr. Michery, with the intent of disparaging Mr. Michery's reputation within his industry is defamation, defamation by implication and false light.

CBSG intended to and did falsely convey that Mr. Michery defaulted on a secured merchant agreement between Michery and CBSG.

CBSG's accusations were reasonably understood to be statements of fact about Mr. Michery, and were understood by people who read them to be statements of fact about Mr. Michery.

CBSG's statements were false.  Mr. Michery is not the dba of Mullen. Mr. Michery neither entered into a secured merchant agreement with CBSG, nor did Mr. Michery default on a secured merchant agreement between Mr. Michery and CBSG. The defamatory NOA Correspondence was not sent because the recipient and/or its

parent or subsidiary entity(ies) was an account debtor of Mr. Michery. CBSG sent the correspondence in an attempt to defame Mr. Michery's name in the industry to unlawfully coerce Mr. Michery, as CEO of Mullen, to direct additional payments from Mullen to CBSG.

CBSG sent the defamatory NOA Correspondence industry wide in an attempt to embarrass, shame, and cause emotional and economic pain to Mr. Michery.

CBSG's statements in the NOA Correspondence are defamatory and libelous *per se.* CBSG's statements have damaged Mr. Michery's reputation and standing within the automotive industry, damaged Mr. Michery's relationships with his industry associates, colleagues and potential business partners in the automotive industry, and damaged his reputation and standing with Mullen employees.

CBSG had no applicable privilege or legal authorization to make these false and defamatory statements. Any basis for sending the claimed lien correspondence was abused by CBSG.

CBSG published these statements with actual malice, including by disregarding their first-hand knowledge that there was no default by Mullen in the first place, disregarding their first-hand knowledge in their own agreements that Mr. Michery was not a dba of Mullen, and by intentionally causing the scope of CBSG's communications to be sent far beyond the reach of anything related to CBSG's agreements with Mullen.

CBSG made these false and defamatory statements intentionally, willfully, maliciously, and in conscious disregard of Mr. Michery's rights and reputation and of the truth.

As a direct and foreseeable result of CBSG's false and defamatory statements, Mr. Michery has suffered financial and reputational harm and severe emotional distress. And as a result of CBSG's false and defamatory statements, Plaintiff has been forced to spend money to seek to remedy the defamation to the extent that damage can ever really be remedied.

The same facts that support the defamation claim, also support the Defamation by Implication claim and the claim for false light. As such, it is more likely than not that Mr. Michery will be successful on the merits of his claims in this action.

## VI. THE BALANCING OF HARDSHIPS FAVORS GRANTING THE TRO AND INJUNCTION

Before a preliminary injunction may issue, the court must identify the harm that a preliminary injunction might cause the defendant and weigh it against plaintiff's threatened injury. "[T]he real issue in this regard is the degree of harm that will be suffered by the plaintiff or the defendant if the injunction is improperly granted or denied." [Scotts Co. v. United Indus. Corp. (4th Cir. 2002) 315 F.3d 264, 284; see Winter v. Natural Resources Defense Council, Inc. (2008) 555 U.S. 7, 24, 129 S.Ct. 365, 376; Earth Island Institute v. Carlton (9th Cir. 2010) 626 F.3d 462, 475—"The assignment of weight to particular harms is a matter for district courts to decide"]

Presently, Defendant will suffer no harm if its agents and all acting on its behalf stay away from Mr. Michery and his counsel, communicate only with his counsel and not Mr. Michery personally, and don't send out letters that defame Mr. Michery.

Even so, a court need not "balance the hardships" when defendant's conduct has been willful. [United States v. Marine Shale Processors (5th Cir. 1996) 81 F.3d 1329, 1359—court need not balance equities where defendant has willfully and repeatedly violated environmental laws]

Presently, every complained of act by CBSG has been willfully undertaken by CBSG in order to coerce Mr. Michery to have Mullen make payments to CBSG. Plaintiff is informed and believes that CBSG undertakes such tactics to shame and embarrass its customers who CBSG claims is in default in order to force the third party to pay CBSG money, or face additional embarrassment in the community.

Moreover, regardless of whether the underlying claim requires proof of scienter, scienter or lack of it is one of the aggravating or mitigating factors taken into account in exercising the court's equitable discretion whether to grant injunctive relief. i.e.,

defendant's intentional wrongdoing in the past may be relevant to the likelihood of recurrent violations. [Aaron v. SEC (1980) 446 U.S. 680, 701, 100 S.Ct. 1945, 1958]

Presently, CBSG's previous wrongdoing in both this case and in its previous dealings with third parties should be considered an aggravating factor taken into account by the court in granting the TRO and the preliminary injunction.

## VII. NO BOND SHOULD BE REQUIRED WHERE PLAINTIFF IS MERELY SEEKING TO ENJOIN UNLAWFUL CONDUCT BY DEFENDANT.

The court has power to excuse a bond in "exceptional" cases.

A bond has been dispensed with entirely (or only a nominal bond required) where the court determined there was no realistic likelihood of harm to defendant from enjoining its conduct. [Jorgensen v. Cassiday (9th Cir. 2003) 320 F.3d 906, 919; Doctor's Assocs., Inc. v. Stuart (2nd Cir. 1996) 85 F.3d 975, 985; Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411 at 421, fn. 3; see also Zambelli Fireworks Mfg. Co., Inc. v. Wood (3rd Cir. 2010) 592 F.3d 412, 426]

When the balance of the potential hardships each party will suffer as a result of a preliminary injunction "weighs overwhelmingly in favor of the party seeking the injunction," a district court may waive the bond requirement. [Elliott v. Kiesewetter (3rd Cir. 1996) 98 F.3d 47, 60]

Further, a strong likelihood of success on the merits has also been relied on to dispense with security. [Scherr v. Volpe (7th Cir. 1972) 466 F.2d 1027, 1035]

In excusing a bond, the Court's order should set forth reasons why no bond is required. [Roth v. Bank of the Commonwealth (6th Cir. 1978) 583 F2d 527, 538]

Though this case appears to Plaintiff to be one of the exceptional cases where no bond is required, Plaintiff is willing to post a bond should the court deem it necessary.

## VIII. CONCLUSION

CBSG has resorted to unlawful tactics and practices - extortion - in an attempt to coerce Mr. Michery into influencing Mullen to make a payment on debts that were

defendant's intentional wrongdoing in the past may be relevant to the likelihood of recurrent violations. [Aaron v. SEC (1980) 446 U.S. 680, 701, 100 S.Ct. 1945, 1958]

Presently, CBSG's previous wrongdoing in both this case and in its previous dealings with third parties should be considered an aggravating factor taken into account by the court in granting the TRO and the preliminary injunction.

## VII. NO BOND SHOULD BE REQUIRED WHERE PLAINTIFF IS MERELY SEEKING TO ENJOIN UNLAWFUL CONDUCT BY DEFENDANT.

The court has power to excuse a bond in "exceptional" cases.

A bond has been dispensed with entirely (or only a nominal bond required) where the court determined there was no realistic likelihood of harm to defendant from enjoining its conduct. [Jorgensen v. Cassiday (9th Cir. 2003) 320 F.3d 906, 919; Doctor's Assocs., Inc. v. Stuart (2nd Cir. 1996) 85 F.3d 975, 985; Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411 at 421, fn. 3; see also Zambelli Fireworks Mfg. Co., Inc. v. Wood (3rd Cir. 2010) 592 F.3d 412, 426]

When the balance of the potential hardships each party will suffer as a result of a preliminary injunction "weighs overwhelmingly in favor of the party seeking the injunction," a district court may waive the bond requirement. [Elliott v. Kiesewetter (3rd Cir. 1996) 98 F.3d 47, 60]

Further, a strong likelihood of success on the merits has also been relied on to dispense with security. [Scherr v. Volpe (7th Cir. 1972) 466 F.2d 1027, 1035]

In excusing a bond, the Court's order should set forth reasons why no bond is required. [Roth v. Bank of the Commonwealth (6th Cir. 1978) 583 F2d 527, 538]

Though this case appears to Plaintiff to be one of the exceptional cases where no bond is required, Plaintiff is willing to post a bond should the court deem it necessary.

## VIII. CONCLUSION

CBSG has resorted to unlawful tactics and practices - extortion - in an attempt to coerce Mr. Michery into influencing Mullen to make a payment on debts that were

POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR A TRO AND SETTING AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

8

never in default. CBSG has sought to smear Mr. Michery's name throughout Mr. Michery's chosen profession. CBSG named Mr. Michery personally for that purpose in the correspondence that has gone industry wide. And as of Friday, June 5, 2020, CBSG has formally threatened Mr. Michery's life and that of his counsel. A temporary restraining order restraining and enjoining any such further conduct by CBSG is appropriate. And given that CBSG will not be damaged in any way from not engaging in unlawful conduct, no bond is required under this exceptional matter.

Date: June 11, 2020

MILTNER & MENCK, APC

By: _____
William L. Miltner, Esq.
Robert C. Harvey, Esq.
Attorneys for the Plaintiff
David Michery

POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR A TRO AND SETTING AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

9