William L. Miltner, Esq. SBN 139097
(*bill@miltnerlaw.com*)
Robert C. Harvey, Esq., SBN 159224
(*robert@miltnerlaw.com*)
MILTNER & MENCK, APC
402 West Broadway, Suite 800
San Diego, California 92101
Telephone (619) 615-5333
Telefax (619) 615-5334

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHERY, an individual;<br><br>                    Plaintiff,<br><br>v.<br><br>COMPLETE BUSINESS SOLUTIONS GROUP, INC., a Delaware corporation dba Par Funding,<br><br>                    Defendant. | CASE NO. 2:20-CV-04409-SVW-JPR<br><br>DECLARATION OF DAVID MICHERY IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

I, David Michery, do hereby state and declare the following:

1.      I am the Plaintiff in the above-entitled action. I have personal knowledge of the facts set forth herein, and if called upon, I can and will testify to them in a court of law.

2.      I am  CEO of Mullen Technologies, Inc., ("Mullen").  Mullen is a Southern California based electric vehicle manufacturer with international distribution that owns several synergistic businesses and has partnered with a leading automotive design and manufacturing company in China.  As a result of that partnership, Mullen homologates and assembles cars in the United States for sales in North America. Mullen also engages in the sale and leasing of motor vehicles.

3       On or about December 27, 2019 Mullen and CBSG entered into an Agreement for the Purchase and Sale of Future Receivables (the "December Merchant Agreement") whereby CBSG purchased $177,000 of Mullen's future receivables for $150,000.00.   I personally reviewed the December Merchant Agreement and know its contents. I was not a party to the December Merchant Agreement in my individual capacity. While I did sign a guarantee in my individual capacity, the December Merchant Agreement was between Mullen and CBSG.

4.       On or about January 16, 2020 Mullen and CBSG entered into another Agreement for the Purchase and Sale of Future Receivables (the "January Merchant Agreement") whereby CBSG purchased $88,500 of receivables for $75,000.00.   I personally reviewed the January Merchant Agreement and know its contents.   I was not a party to the January Merchant Agreement in my individual capacity. While I did sign a guarantee in my individual capacity, the January Merchant Agreement was between Mullen and CBSG.

5.       On or about February 7, 2020 Mullen and CBSG entered into another Agreement for the Purchase and Sale of Future Receivables (the "February Merchant Agreement") whereby CBSG purchased $143,700 of receivables for $125,000.00.   I personally reviewed the February Merchant Agreement and know its contents.   I was not a party to the February Merchant Agreement in my individual capacity.   While I did sign a guarantee in my individual capacity, the February Merchant Agreement was between Mullen and CBSG.

6.       On or about March 4, 2020 Governor Gavin Newsom declared a state of emergency in the State of California related to the COVID-19 outbreak.

7.       On or about March 10, 2020 Mullen and CBSG entered into another Agreement for the Purchase and Sale of Future Receivables (the "March Merchant Agreement"). I personally reviewed the March Merchant Agreement and know its contents.   The March Merchant Agreement paid off both the December Merchant Agreement and the January Merchant Agreement. I was not a party to the March

Merchant Agreement in my individual capacity.  While I did sign a guarantee in my individual capacity, the February Merchant Agreement was between Mullen and CBSG.

8.       In both the February Merchant Agreement and March Merchant Agreement Mullen's D/B/A is identified therein as Mullen Technologies dba SI-NFUZ or Mullen Car Rental and Leasing dba Mullen Auto Sales dba Mullen Motor Cars. Mr. Michery is not a d/b/a of Mullen.  The following provision clearly appears under the first paragraph of the February Merchant Agreement and the March Merchant Agreement:

| Legal Business Name ("Merchant Seller") | MULLEN TECHNOLOGIES INC |
|---|---|
| D/B/A | MULLEN TECHNOLOGIES DBA SI-NFUZ OR MULLEN CAR RENTAL AND LEASING DBA MULLEN AUTO SALES DBA MULLEN MOTOR CARS |

9.       On or about March 19, 2020, Governor Gavin Newsom issued Executive Order N-33-20 directing all individuals living in the State of California to stay home or at their place of residence, with limited exceptions for critical industry.   Mullen was not a critical industry and was essentially shut down by the executive order on March 19, 2020.

10.       Until March 19, 2020, Mullen had made all of its payments to CBSG under the February Merchant Agreement and the March Merchant Agreement on a timely basis.  As of March 19, 2020 and thereafter, as a result of being shut down by the executive order, Mullen's receivables fell a drastic 71% and expenses exceeded income.

11.       On or about March 23, I reached out via text message to CBSG's Olivia Hansen to inform her that, due to the drastic and sudden decrease in receivables, Mullen would not be able to make the payments contemplated by the February and March Merchant Agreements.  In texting with Ms. Hansen, she made

some veiled threats that I now see as part of the way CBSG operates by threat and intimidation.  In her texts with me in which we were addressing the need for new lower payment, Ms. Hansen stated that "we  know what you look like" and "know where you live."

12.     The way the Merchant Agreements work is that CBSG's right to receive payments was expressly conditioned upon Mullen having receivables, a percentage of which is to be paid to CBSG either on a daily or weekly basis.  Per the Merchant Agreements, the amount of the payment to CBSG is a specified percentage of the receivables, which after the shutdown of business operations, became a drastically reduced amount of receivables, that should result in a drastically reduced payment to CBSG.

13.     Understanding the unique circumstances of the economic shutdown and the complete suspension of Mullen's business operations, CBSG understood that it had no right to receive full payments under the terms of their Merchant Agreements in light of the drastic reduction in Mullen's receivables.

14.     Pursuant to the March 23 discussion, CBSG agreed to take $1,000 per day until the COVID-19 Crisis passed. Thereafter, from March 25, 2020 through March 31, 2020, CBSG electronically debited six $500 payments from Mullen.

15.     Despite the lack of the default by Mullen, and despite the agreement between CBSG and Mullen on a reduced payment amount due to the drastically reduced receivables, on or about March 24, 2020 CBSG began sending out the correspondence attached as Exhibit A to my complaint to auto industry colleagues, industry associates, competitors, suppliers, potential business partners, and even Mullen employees.  That correspondence falsely identifies me as the DBA of Mullen and falsely states that I, as the Merchant Seller, had defaulted on a secured merchant agreement I had with  CBSG.  A true and correct copy of that correspondence is attached to the Complaint as Exhibit A (hereafter, the "NOA Correspondence"). I am not the DBA of Mullen.  I did not enter into a Merchant

Agreement with CBSG.  And I did not default under any Merchant Agreement with CBSG.

16.     Despite the lack of a default under the February and March Merchant Agreements, and despite the agreement on the reduced payment amount by Mullen, on March 25, 2020, six days after the State of California shut down of Mullen's business, CBSG filed a confession of judgment in Pennsylvania State Court against Mullen, and Michery as guarantor, on both the February and March Merchant Agreements without any notice to Mullen or Michery.

17.     On March 25, 2020 at my direction, my lawyers sent cease and desist correspondence to Danielle Loser, the signatory on the defamatory NOA Correspondence.

18.     In or about early April 2020, when it became clear that even $1,000 per day was too much to be supported by Mullen's receivables, Mullen and CBSG agreed to a new payment amount of $500 per day.

19.     On or about April 8, 2020, I first learned that CBSG had obtained a confessed judgment against Mullen on the Merchant Agreements, and myself on the guarantee.  I reached out to CBSG and a new agreement was reached whereby CBSG agreed to withdraw the judgment in exchange for Mullen making payments fo $250 per day.  This was again confirmed in a text message with Olivia Hansen of CBSG.  CBSG then performed under that new agreement by taking $250 per day from April 10 to April 17, but failed to withdraw the judgment.

20.     On or about May 4 and again on May 14, CBSG mailed out additional defamatory NOA Correspondence to auto industry colleagues, industry associates, competitors, suppliers, and potential business partners falsely stating that I as a dba of Mullen had defaulted on a Merchant Agreement with CBSG.

21.     I filed this action on May 15, 2020.

22.     We had CBSG served with the Summons, Complaint and related documents on May 22, 2020.

23.     Despite their knowledge of my lawsuit and the basis therefor as articulated in the complaint, in the first week of June 2020, CBSG again sent out another round of defamatory NOA Correspondence to my auto industry colleagues, industry associates, competitors, suppliers, and potential business partners.

24.     Also in the first week of June 2020, despite being represented by counsel, I received written correspondence directly from CBSG seeking to collect on the debt that is currently in dispute in the Eastern District of Pennsylvania.

25.     However, most disturbing, on or about June 5, 2020, I received a telephone call from a blocked number in Pennsylvania.  I took the call and the caller identified himself as being from CBSG, though he did not give his name. I told the caller that I had counsel and to speak to my attorneys, and the conversation ended.

26.     The CBSG representative then called me right back and said "fuck your attorneys, you owe Par a million dollars. We know where you live, and we're going to kill your attorneys and then kill you."  The caller then made multiple additional calls that when I answered, the caller said nothing and hung up.

27.     On Friday June 5, 2020, a representative from Metro Site Inspections visited Mullen Auto Sales Fresno claiming to be there to inspect the business's financial receipts in order to report to CBSG whether CBSG should make a loan to Mullen.  In fact, there is no loan application by Mullen being processed by CBSG. CBSG was seeking to harass Mullen and Mullen's employees at their place of business.

28.     By this Application, I am seeking to restrain CBSG and its officers, agents, servants, employees, attorneys, and any and all parties who are in active concert and participation with CBSG from making any further contact with me, whether at home, work, by mail, email, text, telephonically or in person, and I specifically am seeking a 100 yard stay away order as a result of the death threat. All communications are to go through my attorneys.  Further, I am seeking to

restrain and enjoin CBSG from sending out any more defamatory NOA Correspondence that identifies me as the dba of Mullen, or that I defaulted under an agreement with CBSG. I have received confirmation from at least 32 third parties within the industry of their receipt of this defamatory correspondence.

29. As a result of CBSG's actions in sending out the defamatory NOA Correspondence, I understand that Mullen lost a business deal worth in excess of $1.5 million with a third party recipient of the NOA Correspondence.

30. I am informed and believe that CBSG has used strong arm tactics in the past by sending out a representative (convicted felon) to "meet" with their borrowers unannounced at their borrower's offices and "renegotiate" the terms of their agreements.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _14_ day of June, 2020 in _____Orea_____ California

David Michery