BRETT BERMAN (PA SBN 204843) (pro hac vice pending)
BBerman@FoxRothschild.com
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Telephone:  (215) 299-2000
Facsimile:   (215) 299-2150

JOSEPH A. UNGARO II (CA SBN 315190)
Jungaro@FoxRothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone:  (310) 598-4150
Facsimile:   (310) 391-9828

Attorneys for Defendant,
COMPLETE BUSINESS SOLUTIONS dba PAR FUNDING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHERY, an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>COMPLETE BUSINESS SOLUTIONS GROUP, INC. DBA PAR FUNDING, a Delaware Corporation<br><br>    Defendants. | Case No. 2:20-cv-04409-SVW-JPR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE UNDER 28 U.S.C. SECTION 1404**<br><br>Date: July 13, 2020<br>Time: 1:30 p.m.<br>Department: 10A<br>Judge: Hon. Stephen V. Wilson |

## I. INTRODUCTION

Plaintiff David Michery's ("Plaintiff") Opposition to the instant Motion is an exercise is misinterpretation, misdirection, and misleading the Court. Even Plaintiff's format is improper – while he executed a Declaration in support of the Opposition [Dkt. No. 19-1], the Opposition itself does not contain a single citation to the Declaration, calling into question whether the factual allegations have been sufficiently presented under Local Rule 7-6. Substantively, Plaintiff ignores the fact that the parties entered into a binding forum selection clause and choice of law provision in the four subject factoring agreements (the "Factoring Agreements"), and claims this Court's district would simply be more convenient for Plaintiff. Such a preposterous assertion flies in the face of basic fundamentals of federal court litigation. Even further, at no point in the Opposition (nor in the Complaint), has Plaintiff argued that the forum selection clause or choice of law provision themselves are somehow unenforceable or invalid. Such a lack of argument and lack of citation to authority runs rampant in Plaintiff's Opposition. In fact, most of the authority cited by Plaintiff in his Opposition actually supports venue transfer (*see, e.g.*, Opposition at p. 4:17-24) – but this does not stop Plaintiff from seeking denial of the Motion anyway.

Plaintiff's Opposition is not convincing. Plaintiff again takes issue with the fact that Defendant sought to enforce the terms of the Factoring Agreements against Plaintiff instead of Mullen Technologies, Inc. ("Mullen") – without any authority stating Defendant was required to first proceed against Mullen. Such authority does not exist. Even more glaringly, Plaintiff has not made a single mention of the fact that he has appeared and continues to litigate issues with Defendant contemporaneously in Pennsylvania. *See* Request for Judicial Notice ("RFJN") Ex. B. Plaintiff's Opposition is wanting for facts, case law, or statute in support of his argument, but it falls short of presenting any cogent argument which should convince this Court to deny Defendant's Motion to Transfer Venue.


## II.  ARGUMENT

### A. Defendant's Alleged Conduct is Encompassed by The Factoring Agreements

While Plaintiff states that Defendant "fails to explain how this [Jurisdiction and Venue] clause supposedly applies to Plaintiff's tort claims," the representation is entirely disingenuous and an outright lie to the Court. Indeed, Defendant's Motion dedicated an entire argument section to this issue. [*See* Dkt. No. 15-1 – Motion at Section III. C., p. 6]. Plaintiff's argument seem to boil down to a claim that intentional torts do not arise under Plaintiff's guaranty or the interpretation, performance, or breach of the guaranty. Opposition at p. 2:18-21. Ironically, Plaintiff claims that Defendant improperly attempted to enforce the terms of the Factoring Agreements, yet simultaneously claims such attempts are somehow unrelated to the Factoring Agreements. Plaintiff's litigation plan can best be described as speaking out of both sides of his mouth.

As Defendant has stated all along, the types of notice sent by Defendant (an example of which Plaintiff attached to his Complaint) are specifically required under UCC § 9-406 in order to give notice of assignment. [*See, e.g.*, Dkt. No. 10, Ex. A] UCC § 9-406 requires that "a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee." The allegedly defamatory statements, which are evident on the face of the exhibit to Plaintiff's Complaint merely state that "Merchant has defaulted on a secured merchant agreement between Merchant and CBSG." Plaintiff's only counter to this is that the U.C.C. Notice of Assignment and Lien arose from Defendant's relationship with Mullen, but not Plaintiff. Opposition at p. 3:5-8. This statement is entirely lacking of merit. Such a position is at odds with the language of subject Factoring Agreements and a basic understanding of contract guaranties. Indeed, the guaranties signed by Plaintiff in each of the Factoring Agreements expressly states:


"In the event merchant Seller violates its representations and warranties under or breaches any term or condition or obligation or covenant under the Purchase Agreement, Purchaser may enforce its rights under this Guaranty without first seeking to obtain payment from Merchant Seller, any/or other guarantor, or any Collateral, Additional Collateral, and/or Cross-Collateral Purchaser may hold pursuant to this Guaranty of any other guaranty." *Ungaro Decl*. Ex. A-D at p. 18.

Defendant was within its contractual rights to recover under the Factoring Agreements from Mullen, Plaintiff, or both, in whichever order. The fact that Plaintiff was listed as a "dba" in correspondence is not dispositive, and has no bearing on whether Defendant was within its right to send the subject correspondence naming both Mullen and Plaintiff.

### 1. Intentional Torts are not *per se* outside the scope of forum selection clauses

Unsurprisingly, Plaintiff does not provide any authority for the baseless contention that intentional torts are somehow immune from application of a forum selection clause or choice of law provision. On the contrary, courts in this jurisdiction have long held the opposite to be true. *See, e.g., Manetti-Farrow, Inc. v. Gucci America, Inc*., 858 F.2d 509, 514 (9th Cir. 1988). "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Ibid*. The case of *Maroon Society, Inc. v. Unison Consulting, Inc.*, 2019 WL 8108717 (C.D. Cal. July 26, 2019) is illustrative. In *Maroon Society*, the plaintiff brought claims for, among other things, trade libel/defamation due to misrepresentations by the defendant (a former business partner), which allegedly disparaged the plaintiff and his professional relationships within Los Angeles. The Court held that the defendant's conduct/statements "at the very least 'relate in some way' to the contract" and the "business relationship" between the parties. *Id*. at *4. Accordingly, the Court held that the forum selection clause covered the plaintiff's intentional tort claim and transferred the case to Illinois. *See also Giving Back Fund Inc. v. Miami Marketing Group LLC*, 2011 WL

13218024 at *5 (C.D. Cal. January 24, 2011) (holding that "<u>claims for conversion, unlawful business practices, fraud, trade libel, defamation … require interpretation of the contract and therefore fall within the scope of the forum selection clause</u>" (emphasis added)).

Here, Plaintiff cannot reasonably argue that Defendant's alleged conduct does not "relate in some way" to the Factoring Agreements or the business relationship amongst the parties. The opposite is true – Defendant's conduct arises out of an attempted collection of a debt due by both Mullen and Plaintiff (due to the guaranty agreement). Even more evident, is the tactic Defendant used to collect on the debt was that which is <u>required</u> under UCC § 9-406. In light of the foregoing authority, Defendant's actions should be determined to be encompassed by the forum selection clause, and the action should be transferred.

### B. The Interests of Justice Support Transferring Venue

Plaintiff correctly cites *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000) for the list of factors the Court may consider when ruling on this Motion: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Despite citing the correct case, however, Plaintiff incorrectly applies the analysis.

Plaintiff's entire argument is a house of cards built on the weak foundation of a claim that "the guarantee does not apply to tort claims asserted by [Plaintiff] and thus "there are no relevant agreements at play." Opposition at p. 7:18-21. Plaintiff fails to substantiate how the guaranty does not apply, and for the reasons set forth, *infra*, in section II. A., Plaintiff is patently incorrect. In making this wild allegation,

Plaintiff then "punts" and fails to even consider the first two factors (location where agreements were negotiated and signed, and state most familiar with governing law). This is a strategic omission, considering the Factoring Agreements are governed by Pennsylvania law.

Next, Plaintiff claims that "Defendant's contacts with the forum are significant." Opposition at p. 7:27. In support of this assertion, Plaintiff's sole claim is that Defendant mailed correspondence to businesses in California. *Id*. at 7:27 – 8:2. "Purposeful availment" of a forum requires more than communicating with businesses in that forum, and even requires more than entering into contracts with entities within the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985) (the purposeful availment requirement ensures a defendant will not be haled into a jurisdiction solely due to attenuated contracts). Plaintiff has made no showing that Defendant has purposefully availed itself to this Court's jurisdiction.

The costs of litigation, even to Plaintiff, are increased by allowing litigation to proceed in this forum. Pursuant to the Factoring Agreements, Defendant filed a Civil Action Complaint – in Confession of Judgment ("Civil Action for COJ") against Mullen (and its fictitious business names) and Plaintiff in the Philadelphia County Court of Common Pleas, on or about March 25, 2020, seeking Judgment in the amount of $355,508.90. *See* RFJN Ex. A. Both Mullen and Plaintiff appeared in the Civil Action for COJ (prior to filing the Complaint in the instant action) and disputed the Confession of Judgment by filing a Petition to Strike and Open Confessed Judgment and Stay Execution Proceedings. RFJN Ex. B. Thus, in addition to currently litigating similar issues in two forums, Plaintiff is forcing Defendant to do the same. The Civil Action for COJ deals with the Factoring Agreements and collection thereunder. Should Plaintiff have related claims, as those asserted in the Complaint, he could bring them in the pending litigation in Pennsylvania.

///

Finally, Plaintiff believes his convenience and the location of a small number of witnesses is sufficient to disregard the forum selection clause and keep the case in this forum. Most importantly, the above factors listed in *Jones* make no mention of "convenience" of witnesses.[1] Instead, *Jones* considers (a) compulsory process to compel attendance of unwilling non-party witnesses, and (b) access to sources of proof. Plaintiff's omission regarding these considerations is telling. Plaintiff has provided no argument that the agreed-upon forum does not have a process to compel attendance of unwilling non-party witnesses. Further, any sources of "proof" that Defendant sent the subject letters to Plaintiff's industry colleagues are within Defendant's possession, and would be produced in discovery – Plaintiff need not haul over thirty-two (32) persons/entities into court just to prove Defendant mailed correspondence. [*See* Dkt. No. 16 at p. 4:27-28]. Plaintiff's Declaration in support of the Opposition states eight (8) witnesses are located in the jurisdiction [See Dkt. No. 19-1 at ¶¶ 9-14]. However, the fact that a fraction of witnesses are allegedly located in this Court's jurisdiction is not a determinative factor enough to outweigh the express terms of the Factoring Agreements.

## C. Plaintiff Has Not Argued the Forum Selection Clause or Choice of Law Clause are Invalid or Unenforceable

Courts in this jurisdiction have long held that claims are waived when no case law or argument in support are presented. *FDIC v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997); *see also, Seattle School Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1502 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by

---

[1] Plaintiff apparently conflates the *Jones* test with the terms "convenience of the parties and witnesses" in Fed. R. Civ. P. § 1404(a). It should be noted however, that Fed. R. Civ. P. § 1404(a) gives the Court authority to transfer a case to another district for convenience of the parties, but does not instruct the Court to retain jurisdiciton on convenience grounds.

showing why it is sound despite a lack of supporting authority…forfeits the point. We will not do his research for him.").

Here, Plaintiff has not challenged the validity or enforceability of the forum selection clause or choice of law provision. In light of Plaintiff's failure to advance authority or argument challenging those clauses, the argument has been abandoned. Therefore, this Court should consider the forum selection clause and choice of law provisions to be valid.

## III. CONCLUSION

In light of the foregoing, Par respectfully reiterates its request that the Court grant the Motion to Transfer Venue in this case to the United States District Court for the Eastern District of Pennsylvania or Court of Common Pleas of Philadelphia County.

Dated: June 26, 2020

FOX ROTHSCHILD LLP

By: */s/* Joseph A. Ungaro II
BRETT BERMAN
JOSEPH A. UNGARO II
Attorneys for Defendant,
COMPLETE BUSINESS SOLUTIONS dba PAR FUNDING